UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PABLO RUIZ-VELEZ,

    Petitioner,

v.                                                                      Case No. 12-C-287

JIM SCHWOCHERT,

    Respondent.

**ORDER**

On March 23, 2012, Pablo Ruiz-Velez filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of repeated first-degree sexual assault of a child. The child was the principal witness against him, along with a friend to whom the child had reported the crime. Physical examination of the child revealed no evidence of assault or penetration. Because the case was "close," according to Petitioner's trial counsel, they elected to proceed to trial rather than accept a plea offer from the state. The guilty verdict resulted in concurrent 40-year sentences.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts that he received ineffective assistance of counsel prior to going to trial. In particular, he claims that counsel failed to adequately inform him about the state's plea offer and failed to apprise him of his realistic chances of obtaining a favorable verdict. On this latter point, Petitioner argued that counsel had improperly boasted about his own trial success rate and had failed to tell Petitioner that a witness (the victim's friend) would testify to corroborate the victim's story. Following an evidentiary hearing and the denial of his post-conviction motion, appellate counsel filed a no-merit report with the court of appeals. The court of appeals agreed that there were no arguably meritorious appellate issues and affirmed the judgment. (Petition, Ex. 1.)

Although the state courts denied Petitioner's claim on a no-merit basis, I cannot conclude that it plainly appears from the face of the petition that the petition lacks merit. *Missouri v. Frye,* — U.S. —, 2012 WL 932020, *8 (2012) ("Here defense counsel did not communicate the formal [plea] offers to the defendant. As a result of that deficient performance, the offers lapsed.") Accordingly, the petition will be allowed to proceed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) respondent shall have 45 days from the date of this order within

which to file a brief in opposition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated this ___3rd___ day of April, 2012.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge